[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
 I Facts
The plaintiff, Deborah Adams, individually and as administratrix of the CT Page 14193 estate of her deceased husband, Harvey Adams, brings this action for damages against the defendants, Eileen B. Rohrlick and Thames Eye Group, P.C. (Thames), to recover for personal injuries sustained by Harvey Adams following a routine eye examine. The plaintiff alleges in her two count complaint, filed on December 27, 1999, asserting negligence and loss consortium, respectively, that the injuries sustained by Harvey Adams and his subsequent death were caused in whole or in part by the negligence of the defendants in failing to diagnose and treat a malignancy.
On March 9, 2000, Rohrlick filed an answer and special defense asserting that "[t]he claims contained in the First and Second Counts are barred by the applicable statute of limitations, Connecticut General Statutes § 52-584." On March 16, 2000, both Rohrlick and Thames filed motions for summary judgment on the grounds that the plaintiff's action was barred by the applicable statute of limitations, § 52-584.[1]
In support of their motions for summary judgment, the defendants have each filed a memorandum of law and rely on identical documents: the affidavit and uncertified deposition testimony of Rohrlick.
On April 3, 2000, the plaintiff filed a memorandum of law and affidavit in opposition to the defendants' motions for summary judgment arguing that summary judgment is inappropriate because Harvey Adams first learned of the possible negligence on the part of the defendants on March 23, 1998, not on December 11, 1996, and commenced the present action on December 27, 1999, within the two year statute of limitations period.
For the reasons set forth below, the defendants' motions for summary judgment are denied because there are genuine issues of material fact as to the date that Harvey Adams discovered, or in the exercise of reasonable care should have discovered, that he sustained some form of actionable harm and whether the statute of limitations or repose period is tolled by the continuing course of conduct doctrine.
 II Discussion
"Practice Book . . . [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted; internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts CT Page 14194 which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000).
"Summary judgment may be granted where the claim is barred by the statute of limitations." Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945
(1996). Summary judgment is appropriate on statute of limitation grounds when the "material facts concerning the statute of limitations [are] not in dispute. . . ." Burns v. Hartford Hospital, 192 Conn. 451, 452,472 A.2d 1257 (1984).
The defendants argue in their memoranda of law in support of summary judgment that the plaintiff's action was commenced more than two years from the date when Harvey Adams' injury was first sustained or discovered. The defendants further argue that the three year statute of limitations or repose period is not tolled by the continuing course of conduct doctrine.
The plaintiff argues in her memorandum of law in opposition that summary judgment is inappropriate because Harvey Adams first learned of the possible negligence on the part of the defendants on March 23, 1998, and commenced the present action on December 27, 1999, within the two year statute of limitation period. The plaintiff further argues that the defendants deviated from the applicable standard of care in the present case because the defendants had an ongoing and continuing obligation to Harvey Adams, which continued until his death. The plaintiff argues, therefore, that the three year statute of limitations or repose period contained in § 52-584, is tolled by the continuing course of conduct doctrine.
 A
The applicable statute of limitations in a medical malpractice action is § 52-584, which provides in relevant part: "No action to recover damages for injury to the person . . . caused by . . . malpractice of a physician . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . ." The Connecticut Supreme Court "has construed the word `injury' in General Statutes § 52-584 . . . to refer to some form of actionable harm . . . `Actionable harm' occurs when the plaintiff discovers, or in the exercise of reasonable care should CT Page 14195 have discovered, the essential elements of a cause of action." (Citation omitted; internal quotation marks omitted.) Merly v. State, 211 Conn. 199,205-06, 558 A.2d 977 (1989). "The statute begins to run when the plaintiff discovers some form of actionable harm, not the fullest manifestation thereof." Id., 206. "The focus is [therefore] on the plaintiff's knowledge of facts, rather than on discovery of applicable legal theories." (Internal quotation marks omitted.) Catz v. Rubenstein,201 Conn. 39, 47, 513 A.2d 98 (1986).
In the present case, a genuine issue of material fact exists as to the date Harvey Adams discovered, or in the exercise of reasonable care should have discovered, that he sustained some form of actionable harm, which started the running of the statute of limitations. The defendants argue that by December 11, 1996, Harvey Adams had learned of his injury or his actionable harm, but failed to serve the writ, summons and complaint on the defendants until December 27, 1999, some three years later. The defendants submit the affidavit of Rohrlick in support of their argument, in which she states that she provided treatment to Harvey Adams only once on January 12, 1996, at which time she examined him and scheduled a follow up appointment on December 1 8, 1996. Her affidavit further states that she had no further contact with Harvey Adams after his initial treatment.
The plaintiff argues in opposition that it was not until March 23, 1998, that Harvey Adams learned that there might be a basis for a medical malpractice action as a result of the injuries he sustained while under the care of the defendants. The plaintiff submits her own affidavit in support of her argument, which states the following. The plaintiff's husband, Harvey Adams, was examined by Rohrlick on January 12, 1996, and diagnosed with a nevus in the choroid of the right eye. Rohrlick instructed him to return in one year for a follow up examination. The plaintiff states that Harvey Adams was scheduled for a return examination on December 18, 1996, but returned on an emergency basis on December 11, 1996. He was referred on this same date to a specialist and subsequently diagnosed with malignant melanoma with an overlying retinal detachment in his right eye. The plaintiff states that at no time did anyone inform her or her husband of the possibility that there may be a link between the defendants' diagnosis in January 1996, and Harvey Adams' subsequent development of cancer. The plaintiff states that it was not until March 23, 1998, during treatment with a specialist, that they learned that there could be a link between the nevus noted by the defendant on January 12, 1996, and the malignant melanoma diagnosed on December 11, 1996.
In light of the holdings in Merly v. State, supra, 211 Conn. 199, andCatz v. Rubenstein, supra, 201 Conn. 39, and after reviewing the arguments contained in the memorandum of law and affidavits submitted in CT Page 14196 support of and in opposition to the defendants' motions for summary judgment, the court concludes that there exists a genuine issue of material fact as to the date that Harvey Adams discovered, or in the exercise of reasonable care should have discovered, that he sustained some form of actionable harm. Accordingly, the resolution of the question is one for the trier of fact and not for the trial court, therefore, summary judgment in favor of the defendants must be denied.
 B
"It is well established that `the relevant date of the act or omission complained of, as that phrase is used in § 52-584 [referring to the three year statue of limitation or repose period], is the date when the negligent conduct of the defendant occurs and . . . not the date when the plaintiff first sustains damage.'" Witt v. St. Vincent's Medical Center, supra, 252 Conn. 369. "Therefore, an action commenced more than three years from the date of the negligent act or omission complained of is barred by the statute of limitations contained in § 52-584, regardless of whether the plaintiff had not, or in the exercise of care, could not reasonably have discovered the nature of the injuries within that time period." Id.
The Connecticut Supreme Court, however, "recently reiterated inSherwood v. Danbury Hospital, 252 Conn. 193, 202-203, ___ A.2d ___ (2000), [that] a statute of limitations or repose `may be tolled under the . . . continuous course of conduct doctrine, thereby allowing a plaintiff to commence his or her lawsuit at a later date. . . . [T]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of [a duty and] the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act.'" Witt v. St. Vincent's MedicalCenter, supra, 252 Conn. 369-70. "[i]n determining whether the continuing course of conduct doctrine applies to toll the repose section of the statute of limitations contained in § 52-584, we have thrice held, in the medical treatment context, that continuing `wrongful conduct may include acts of omission as well as affirmative acts of misconduct . . .'" Id., 371.
In the present case, a genuine issue of material fact exists as to whether the statute of limitations or repose period is tolled by the CT Page 14197 continuing course of conduct doctrine. Rohrlick states in her affidavit that January 12, 1996 was Harvey Adams' first visit to the defendants' office where he was given a routine eye examine. Rohrlick further states that there was no contact between the parties from the time of the initial visit to the second visit on December 11, 1996. It is the defendants' contention, therefore, that there was neither an initial wrong committed against Harvey Adams nor any duty or course of continuing treatment owed to him.
The plaintiff states in her affidavit in opposition that the defendants' failure to properly diagnose, treat and monitor Harvey Adams' condition following his January 12, 1996, eye examine was a continuing course of negligent conduct, which did not end until his death. The plaintiff submits the affidavit of Jerome Sherman, Professor of Optometry at the State University of New York College of Optometry, in further support of her argument. In his affidavit, Jerome Sherman states that the defendants deviated from the applicable standard of care in the present case because the defendants had an ongoing and continuing obligation to Harvey Adams after his initial examination, which continued until the time of his death, to monitor and treat Harvey Adams.
After reviewing the arguments contained in the memorandum of law and the affidavits submitted in support of and in opposition to the defendants' motions for summary judgment, the court concludes that there exists a genuine issue of material fact as to whether the defendants had an ongoing and continuing obligation to Harvey Adams. Accordingly, the resolution of such a question is better suited for the trier of fact and not the trial court therefore, summary judgment in favor of the defendants must be denied.
For the foregoing reasons, the defendants' motions for summary judgment (#113 and #114) are denied.
D. Michael Hurley, Judge Trial Referee